IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALBERT MORRIS, et al.,

    Plaintiffs,

v.                                                         Civil Action No. 3:12-CV-4923-O-BK

UNIFIED HOUSING
FOUNDATION, INC., et al.,

    Defendants,

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the District Court's *Order of Reference* (Doc. 25), the Court now considers (1) Defendant City of Dallas's *Motion for Permissive Abstention and Remand* (Doc. 12); (2) Defendant Thomas's *Joinder in City of Dallas's Motion to Remand* (Doc. 14); and (3) Defendant RentDebt Collection Agency's *Motion to Remand* (Doc. 17). As an initial matter, Defendant RentDebt Collection Agency's *Motion to Remand* (Doc. 17) should be **DENIED AS MOOT** because that party was dismissed from the case by agreement. (Docs. 21, 22). The remaining Defendants' motions should be **GRANTED**, and this case should be remanded to the 162nd District Court, Dallas County, Texas, Case No. DC-11-15358-1.[1]

## BACKGROUND

In December 2011, Plaintiffs filed a petition in Dallas county court against Defendants and others suing them for, *inter alia*, civil rights violations, false imprisonment, breach of

---

[1] Although there is no binding precedent in this Circuit addressing whether a magistrate judge may adjudicate a motion to remand, several circuit courts have held that remands can only be effectuated by a district judge. *See Raspberry v. Capitol County Mut. Fire Ins. Co.*, 609 F. Supp.2d 594, 597 n.1 (E.D. Tex. 2009) (collecting cases). Accordingly, the undersigned will issue a recommendation, rather than a final order in this case.

contract, assault, intentional infliction of emotional distress and various other torts. (Doc. 20-12 at 1-2). After the case had been litigated in state court for approximately a year, Plaintiffs removed the action to federal court.[2] (Doc. 1). The District Judge has ordered the parties to brief whether Plaintiffs could remove the case from state court to federal court under 28 U.S.C. § 1441(a) (providing that any state court civil action over which a federal district court has original jurisdiction may be removed by the *defendant* to the district court of the United States for the district and division embracing the place where such action is pending). (Doc. 9).

## PARTIES' ARGUMENTS

Plaintiffs claim that section 1441 does not apply because they removed the case to this Court based on 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027. (Doc. 11). Specifically, Plaintiffs claim that this case is related to the bankruptcy action Plaintiff Albert Morris filed in the Southern District of Texas, Case No. 12-35217. (Doc. 11). A review of the bankruptcy court's docket sheet reveals that Plaintiff Albert Morris filed his Chapter 7 petition in that action in July 2012. *In re Morris*, Case No. 12-35217, Doc. 1.

Defendant City of Dallas has filed a *Motion for Permissive Abstention and Remand*. (Doc. 12). The City urges that (1) any removal by Plaintiffs under section 1452(a) is untimely under Bankruptcy Rule 9027(a)(2)(A); and (2) Rule 9027(a)(2)(C) is inapplicable. *Id.* at 13. Further, the City urges that Rule 9027(a)(2)(B) requires that a notice of removal be filed within 30 days after entry of an order terminating a bankruptcy stay, but no stay was ever in effect as to Plaintiffs' state lawsuit because Plaintiffs initiated that suit. *Id.* at 13-16. Several other

---

[2] Pursuant to this Court's order, Plaintiffs recently filed an *Amended Notice of Removal* through counsel. (Docs. 32, 34-35). The amended removal notice is, for practical purposes, identical to Plaintiffs' original removal notice. *Cf.* Doc. 1 and Doc. 35.

Defendants adopt the arguments made in the City's motion, namely Dennis W. Thomas, the Dallas County Hospital District, Unified Housing Foundation, Inc., Unified Housing of Inwood, LLC, and Sunchase American, Ltd. (Docs. 14, 15, 16).

Plaintiffs respond that remand should be denied because Defendants' motions do not comply with Bankruptcy Rules 9014 and 9027(d), although they do not explain how. (Doc. 24 at 3). Plaintiffs maintain that the removal of their case to this Court was timely under Rule 9027(a)(2)(B) because they filed their notice of removal on December 3, 2012, within 30 days after the bankruptcy trustee released the automatic stay on November 8, 2012. *Id.* at 4.

## APPLICABLE LAW AND ANALYSIS

Title 28 section 1452(a) governs removal of bankruptcy-related claims and provides that "[a] party may remove any . . . cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." As relevant to Plaintiffs' argument, Rule 9027(a)(2)(B) states that if a state lawsuit is already pending when a bankruptcy case is filed, a notice of removal must be filed within 30 days after entry of an order terminating a bankruptcy stay, if the civil case has been automatically stayed under section 362 of the Bankruptcy Code. An automatic stay under section 362 "operates as a stay, applicable to all entities, of the commencement or continuation ... of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of [the bankruptcy]." 11 U.S.C. § 362(a) (emphasis added). Causes of action raised by a debtor are not actions "against the debtor" which are subject to the automatic stay. *See Matter of U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994) (stating that counterclaims asserted by a debtor are not actions "against the debtor" within

3

the meaning of section 362).

Although the bankruptcy trustee appears to believe that Plaintiff Morris's bankruptcy stayed the state court proceedings Plaintiffs initiated, (*see* Doc. 24-1 at Trustee Letter dated 10/23/12), that cannot be the case under the plain reading of section 362 and the law of this Circuit. *Id.* Because no stay of Plaintiffs' civil action against Defendants was ever in effect, Rule 9027(a)(2)(B) has no application to this situation. Accordingly, the Court turns to the other two provisions of Rule 9027(a)(2) to determine whether Plaintiffs' notice of removal could be effectuated under either.

Rule 9027(a)(2)(C) ties the timeliness of a notice of removal to certain qualifying events that take place in Chapter 11 reorganization cases. Plaintiff Albert Morris's bankruptcy was filed under Chapter 7, however, so this subsection does not apply. *In re Morris*, Bktcy. Case No. 12-35217 (S.D. Tex.) at Doc. 1. Rule 9027(a)(2)(A) provides that if the civil action is pending when the bankruptcy case is commenced, as it was here, a notice of removal must be filed within 90 days after the order for relief is entered in the bankruptcy case. In Plaintiffs' case, the order for relief was deemed entered on July 9, 2012, when Plaintiff Albert Morris filed his bankruptcy petition. *Id.*; 11 U.S.C. § 301(b) (providing that an order for relief is deemed entered upon the commencement of a voluntary bankruptcy proceeding). Plaintiffs did not remove the state case to this Court until December 2012, which is more than 90 days later. Thus, the notice of removal was untimely. Because Plaintiffs could not remove their case from state court under any of the provisions to which they cite, their notice of removal was fatally defective. Accordingly, remand is warranted and Defendants' motions seeking that relief should be granted.

## CONCLUSION

For the foregoing reasons, Defendant RentDebt Collection Agency's *Motion to Remand* (Doc. 17) should be **DENIED AS MOOT** because that defendant is no longer a party to the case. Defendant City of Dallas's *Motion for Permissive Abstention and Remand* (Doc. 12) and Defendant Thomas's *Joinder in City of Dallas's Motion to Remand* (Doc. 14) should be **GRANTED**, and this case should be remanded to the 162nd District Court, Dallas County, Texas, Case No. DC-11-15358-1.

**SO RECOMMENDED** on February 15, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE